UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIARRA MARIE PRICE,<br><br>Petitioner,<br><br>v.<br><br>JANEL ESPINOZA, Warden,<br><br>Respondent. | Case No. 18-cv-04566-JST (PR)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Petitioner, an inmate at the Central California Women's Facility, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. She has paid the filing fee. Her petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Court dismisses one claim and orders Respondent to show cause why the petition should not be granted. Alternatively, either party may file a motion to stay the petition pursuant to California's new Senate Bill 1437, if applicable to the underlying conviction.

## BACKGROUND

According to the petition, on or about December 20, 2013, Petitioner was convicted by an Contra Costa County jury of one count of murder of Benjamin Merrill, committed when Petitioner, Kendra Fells, and Teareney Brown robbed Merrill. The jury found Petitioner did not personally kill Merrill but found true a robbery-murder special circumstance pursuant to California Penal Code § 190.2. The prosecution entered plea deals with Fells and Brown that resulted in

1  their convictions for voluntary manslaughter, robbery, and other charges. Fells testified with

2  immunity against Petitioner at Petitioner's trial. Petitioner was sentenced to life in state prison

3  without the possibility of parole. In 2017, the California Court of Appeal affirmed her conviction,

4  and the California Supreme Court denied review. Petitioner did not pursue habeas relief in state

5  court. The instant action was filed on July 27, 2018.

**DISCUSSION**

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.    Petitioner's Claims**

As grounds for federal habeas relief, Petitioner claims that: (1) the trial court erred in its instruction to the jury on the robbery-murder special circumstance relevant to California Penal Code § 190.2(d); (2) there was insufficient evidence to support the special circumstance finding pursuant to California Penal Code § 190.2(d); (3) the prosecution's endorsement of the lesser charge of voluntary manslaughter as to Fells and the greater charge of murder as to Petitioner was legally irreconcilable, resulting in the denial of due process; (4) the prosecution committed misconduct by improperly vouching for Fells; (5) the trial court erred in instructing the jury on flight pursuant to CALCRIM 372; and (6) the above errors resulted in cumulative prejudice. The Court orders Respondent to show cause why the petition should not be granted as to these claims. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of habeas corpus liberally).

The Court notes that California's new Senate Bill 1437 ("SB1437"), signed into law on September 30, 2018, narrows the state's felony murder rule that holds an accomplice in an offense—such as robbery—liable for a homicide that happens during the crime, regardless of

2

whether the accomplice was the actual killer. The prosecution must now show that an accomplice, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer, or was a major participant in the underlying felony and acted with reckless indifference to human life. SB1437's retroactivity provision will allow those who have been convicted under the felony murder rule to petition a court to be resentenced. The Court reaches no opinion on whether SB1437 applies to the underlying conviction. However, to the extent it is applicable, the Court will entertain a motion to stay the instant proceedings, filed by the either party, pending a petition for resentencing brought by Petitioner or resentencing proceedings initiated by the Contra Costa County District Attorney.

Petitioner also claims that the prosecution should not have been permitted to pursue an uncharged conspiracy theory because uncharged conspiracy is not a valid theory of culpability under California law. This claim raises only an issue of alleged state law error and therefore does not state a cognizable federal habeas claim. *See Estelle v. McGuire* 502 U.S. 62, 67-68 (1991) (federal habeas relief unavailable for violations of state law or for alleged error in the interpretation or application of state law). Accordingly, this claim is DISMISSED.

## CONCLUSION

For the foregoing reasons,

1. The Clerk shall mail a copy of this order and the petition with all attachments to the Respondent and the Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of the date the answer is filed.

3

3. Respondent may file, within **sixty (60) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

4. Finally, as noted above, either party may file, within **thirty (30) days** of the issuance of this order, a motion to stay the instant action, pending a petition for resentencing or resentencing proceedings pursuant to SB1437, if applicable. The parties are encouraged to meet and confer to determine whether a stipulation to stay proceedings can be reached.

5. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

6. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: October 9, 2018

JON S. TIGAR
United States District Judge

4